UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LOUIS W. FLACK,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )          No. 3:15-cv-522-PLR-HBG
                                       )
KNOX COUNTY, TENNESSEE, *et al.*,      )
                                       )
            Defendants.                )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Plaintiff's Motion for Attorney's Fees and Reimbursement of Reasonable Expenses [Doc. 49]. The Defendant filed a Response [Doc. 58], objecting to the Plaintiff's Motion, and the Plaintiff filed a Reply. [Doc. 61]. The Court also permitted supplemental filings [Docs. 64, 65] by the Defendant and the Plaintiff, respectively. The Defendant also filed a Supplemental Brief [Doc. 67], which the Court has considered. The Court finds that a hearing on the Motion is not necessary and that the Motion is ripe for adjudication.

For the reasons more fully explained below, the Court **RECOMMENDS** that the Motion for Attorney's Fees be **GRANTED IN PART AND DENIED IN PART.**

## I.      BACKGROUND

The Complaint [Doc. 1] in this case was filed on November 23, 2015. The Complaint alleged that the Plaintiff, a mentally-ill man suffering from paranoid schizophrenia psychotic episode, was arrested and entrusted to the custody of Knox County Sheriff's Department ("KCSD"). The Complaint states that while the Plaintiff was in the care of KCSD, he was brutally

assaulted and beaten by no fewer than five Corrections Officers or Deputies. The Complaint alleged that from November 2014 and forward, the Defendants attempted to conceal facts from the Plaintiff, his attorney, and the public in an effort to cover-up the facts surrounding the incident. The Plaintiff alleged that the Defendants violated 42 U.S.C. §§ 1983, 1985, 1986, 1988, 12101 and Tennessee Code Annotated § 8-8-301 and § 29-20-101. In addition, the Plaintiff alleged outrageous conduct and intentional infliction of emotional distress.

On February 2, 2016, the District Judge ordered the parties to a judicially-hosted mediation before United States Magistrate Judge C. Clifford Shirley, Jr. On March 28, 2016, Judge Shirley reported [Doc. 27] that the case had settled at mediation. Later, however, the parties could not agree on the specific settlement terms, and Judge Shirley conducted a status conference on June 30, 2016. After the status conference, the parties submitted a Stipulation of Dismissal [Doc. 38] on July 7, 2016, noting that all claims had been settled and that the only remaining issue to be adjudicated by the Court was attorney's fees. The parties settled the case for $200,000.00.

The Plaintiff has now moved for an award of attorney's fees.

## II.    POSITIONS OF THE PARTIES

The Plaintiff originally requested attorney's fees in the total amount of $114,600.00, expenses in the amount of $4,185.94, and post judgment interest. In the alternative, the Plaintiff requests attorney's fees in the amount of $100,000.00, which is "based upon one-third contingent fee contract." [Doc. 49 at 8]. The Plaintiff submits that counsel devoted no less than 454 hours to the litigation at hourly rates as follows:

| | |
|---|---|
| Don Daugherty, paralegal | $140.00 |
| Lance Baker, counsel | $175.00 |
| Christopher Cain, counsel | $275.00 |
| Thomas Jessee, counsel | $275.00 |

The Plaintiff argues that an initial lodestar calculation of these fees is $76,400.00. The Plaintiff submits, however, that given the excellent result achieved and other factors warranting an enhancement, a 1.5 (50%) enhancement of the lodestar is appropriate. The Plaintiff submits that the hourly rates charged in this case were reasonable and consistent with the market rates for attorneys and staff of comparable experience in Knoxville. In addition, the Plaintiff asserts that the hours expended in this case were reasonable and that counsel was able to obtain a $200,000.00 settlement. The Plaintiff states that 220 hours were devoted to work performed during the ten months preceding the filing of the Complaint, 88 hours were devoted to developing and serving the 53-page Complaint, 63 hours were devoted to research and drafting motions and responses, 65 hours were devoted to mediation, and 45 hours were devoted to fee-related matters. The Plaintiff states that although this case settled prior to trial, it took a substantial amount of time and work and presented difficult issues. The Plaintiff submits that counsel exercised billing discretion by excluding billable work from the fee request that was deemed redundant, duplicative, or unnecessary to the successful prosecution of the case. The Plaintiff also states that he does not seek compensation for work performed by certain attorneys and legal staff who may have had minimal involvement. In addition, the Plaintiff submits that counsel excluded 49.65 hours of attorney and paralegal/assistant work from the fee request in an exercise of billing discretion.

The Plaintiff argues that a reduction in hours is not warranted. He states that counsel's time billed for communicating with local media served to mitigate the Law Director's actions to a certain degree. Further, the Plaintiff states that the Court should enhance the lodestar amount for obtaining an exceptional result under extraordinary circumstances. The Plaintiff emphasizes that his recovery was almost seven times more than his incurred medical expenses.

In the alternative, the Plaintiff requests that the Court award $100,000.00 in attorney's fees. The Plaintiff reasons that he "recovered the net sum of $200,000, exclusive of attorney's fees. That net result and payment to Plaintiff is the economic equivalent of a gross recovery of $300,000, which a resulting payment of $200,000 to Plaintiff and a payment of one-third, or $100,000 to Plaintiff's counsel." [Doc. 50 at 25]. Finally, in support of the Motion, the Plaintiff has filed the Declaration of Lance Baker [Doc. 49-1], the Declaration of Christopher Todd Cain [Doc. 49-2], the Declaration of Thomas C. Jessee [Doc. 49-3], and the Declaration of John A. Lucas [Doc. 49-4].

In Response [Doc. 56], the Defendant filed a Notice of Filing the following documents: (1) Spreadsheet summary of time billed by Mr. Baker and Mr. Daugherty; (2) December 15, 2015 Rule 68 Offer of Judgment; (3) March 11, 2016 Rule 68 Offer of Judgment; (4) Criminal Felony Docket; and the (5) Berger Fee Claim Analysis. In addition, the Defendant filed a Response in Opposition to Plaintiff's Application for Fees and Expenses [Doc. 58]. The Defendant's Response relies upon the Declaration of David Wigler, counsel for Defendant Knox County. [Doc. 58-1].

Mr. Wigler's Declaration states that in his opinion, the fee claim is unreasonable and excessive and that a reasonable fee claim would not exceed $27,000.00. Mr. Wigler emphasizes that the case was filed on November 23, 2015, and settled less than four months later on March 11, 2016. Mr. Wigler states that no dispositive motions were filed or litigated and that only one Defendant filed an Answer to the Complaint. In addition, Mr. Wigler states that Defendant Knox County never denied liability, but instead, Mr. Wigler served Plaintiff's counsel with an Offer of Judgment. After mediation, Mr. Wigler sent Plaintiff's counsel an Offer of Judgment with respect to attorney's fees.

Mr. Wigler asserts that it was reasonable for Attorney Baker to enlist some help since he has only been practicing law for nine months when he undertook representation. Mr. Wigler, however, submits that Attorney Baker did not enlist individuals with experience in civil rights litigation. Mr. Wigler states that it was unreasonable to have three attorneys and one paralegal with a Juris Doctorate bill in this matter. Mr. Wigler asserts that Attorney Baker's hourly rate is not "unreasonable *per se*," but it is unreasonable for Attorney Baker to double and triple bill for conferences with other attorneys. Moreover, Mr. Wigler states that while Attorney Baker claims he exercised billing discretion by excluding billable work, he deleted the billing entries and the Court cannot decide whether any meaningful billing discretion occurred.

Further, Mr. Wigler states that with respect to Attorney Cain's and Attorney Jessee's rates, $275.00 is a reasonable rate for attorneys with prior experience in this field. Mr. Wigler argues, however, that there is no evidence of their prior experience in this field in the record. In addition, Mr. Wigler states that Attorney Cain's and Attorney Jessee's time billed prior to November 23, 2015, should be stricken because Attorney Baker asserted that he engaged with Attorney Cain and Attorney Jessee after filing the Complaint. Mr. Wigler also alleges several erroneous and unreasonable entries with respect to Attorney Cain's and Attorney Jessee's timesheets. Further, Mr. Wigler states that Attorney Baker doubled billed in this case. Specifically, Mr. Wigler states that Attorney Baker billed time in the federal lawsuit and in the state criminal court case. Finally, with respect to Mr. Daugherty, Mr. Wigler asserts that $140.00 is unreasonable for a paralegal.

Mr. Wigler also argues that the hours billed in this case were excessive. Mr. Wigler submits that the Court should award the Plaintiff $27,000.00 as a reasonable attorney's fee since that amount does not exceed the amount available from the Offer of Judgment after allowable costs. With respect to Attorney Baker's request for post-settlement fees, Mr. Wigler states that the parties

continued to communicate about the settlement paperwork but that Attorney Baker would not articulate what changes he insisted on making to the release.

The Plaintiff filed a Reply [Doc. 61] repeating that he seeks an award of $114,600.00, based on a lodestar amount of $76,400.00. The Plaintiff states that in the alternative, an award of $100,000.00, representing a contingency fee of one-third of the total recovery, should be awarded. With respect to the Plaintiff's requests for costs, he "concedes that the costs heretofore taxed [in the Bill of Costs] are the only costs for which an award is appropriate." [Doc. 61 at 3].[1]

The Plaintiff asserts that the case was a complex civil rights action and that the complexity was exacerbated by the Defendant's conduct. In addition, the Plaintiff asserts that he has produced convincing opinions, information, and data to show that the attorney's hourly rate and the hourly rate of an experienced law school graduate are reasonable within the Knoxville legal community. The Plaintiff also states that he dispels the Defendant's suggestion that co-counsels were not sufficiently experienced to charge the rates and fees that they seek here, as each attorney brought valuable experience and skill to the case. The Plaintiff also disputes Mr. Wigler's assertions that his attorneys engaged in over-billing and double-billing. With respect to Mr. Wigler's allegations of double billing, the Plaintiff states that counsel "conceded that after through reviews, there is a potential that a maximum of 1.3 hours ($227.50) may be duplicated in the criminal case. Erring [on] the side of caution, this amount may be deducted from an award." [Doc. 61 at 17]. The Plaintiff concludes that the result achieved justifies a multiplier of 1.5. In support of the Reply, Attorney Baker filed another Declaration [Doc. 61-1].

---

[1] In the Plaintiff's Reply brief, he explains, "In view of the fact that the parties' settlement agreement provides, albeit inartfully, for recovery by Plaintiff of the lesser amount of costs taxable pursuant to 42 U.S.C. § 1988(b), 28 U.S.C § 1920, or FRCP 54(d)(1) . . . . Plaintiff concedes that the costs heretofore taxed [Doc. 60] are the only costs for which an award is appropriate in this instance." [Doc. 61 at 3].

The Defendant filed a "Final Responsive Brief" [Doc. 64] arguing that Attorney Baker should have billed the investigation of Plaintiff's mental health to the Tennessee Administrative Office of the Courts because such services were required in order to provide effective assistance of counsel under the Sixth Amendment to the United States Constitution. In addition, the Defendant submits that it should not be required to pay Attorney Cain's and Attorney Jessee's fees because they did not enter an employment agreement with the Plaintiff as required by Tennessee Supreme Court Rule 8. Further, the Defendant states that in <u>Berger v. Knox County Sheriff's Dep't</u>, No. 3:14-cv-190 (E.D. Tenn. Dec. 2, 2015), the Court reduced the attorney's fees even though the parties engaged in discovery and filed dispositive motions. The Defendant emphasizes that in the instant matter, such activities did not occur. The Defendant argues that the number of hours spent in this case are excessive and that it is unreasonable for the Plaintiff's counsel to bill for media conferences. Finally, the Defendant asserts that Tennessee Rule of Professional Conduct 1.5(a) weighs in favor of reducing the amount awarded.

The Plaintiff filed a Supplement to the Motion for Attorney's Fees [Doc. 65], requesting an award for additional "fees-on-fees" for time and labor expended since filing the Motion for Attorney's Fees. The Plaintiff explains that in his original Motion, he only requested 16.9 hours for litigating fee matters. The Plaintiff requests that he be awarded 32.05 additional hours for litigating the fee issue. Specifically, the Plaintiff states that Attorney Baker has expended an additional 18.7 hours for fee-related matters, and Mr. Daugherty has expended an additional 13.35 hours on such matters. Thus, the Plaintiff states that the total lodestar amount is $81,541.50 and that the total requested attorney's fee is $122,312.25.

Finally, the Defendant filed a Supplemental Brief [Doc. 67]. In its Supplemental Brief, the Defendant argues that the Sixth Circuit recently held that an across-the-board reduction will not

be reversed as an abuse of discretion so long as it is adequately explained. The Defendant asserts that it has provided ample reasons supporting the conclusion that the Plaintiff's fee claim is excessive, along with persuasive grounds for an across-the-board reduction.

## III. ANALYSIS

In the present matter, the Court notes that the parties have already agreed that the Plaintiff is entitled to attorney's fees. Thus, the only determination for this Court is whether the requested amount of attorney's fees is reasonable. The Defendant urges the Court to consider its Offer of Judgment of $35,000.00. The Court finds $35,000.00 to be unreasonable in light of the result achieved and that the lodestar amount is more appropriate. Courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

Id. at 415-16. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Id. at 416 (quoting Farrar v. Hobby, 506 U.S. 103, 114 (1992)). With the above analysis in mind, the Court will turn to the Plaintiff's request for attorney's fees in the instant matter.

As an initial matter, the Plaintiff originally requested a lodestar amount of $76,400.00 and expenses in the amount of $4,185.94. Afterwards, the Plaintiff agreed to reduce Attorney Baker's

hours by 1.3 to account for the potential of double billing and has "conceded" expenses. In addition, the Plaintiff requested additional hours for litigating attorney's fees. Thus, the Court's calculation of the final total amount requested is as follows:

| Attorney/Paralegal | Hours | Fees on Fees Hours | Fees on Fees Hours (subsequent request) | Rate | Total |
|---|---|---|---|---|---|
| Lance Baker | 236.6[2] | 16.9 | 18.7 | $175 | $47,635.00 |
| Don Daugherty | 169.9 | 0[3] | 13.35 | $140 | $25,655.00 |
| Christopher Cain | 13.9 | 0 | 0 | $275 | $3,822.50 |
| Thomas Jessee | 15.5 | 0 | 0 | $275 | $4,262.50 |

Using the chart above, the Court will now turn to the Defendant's arguments.

(a)    *Hourly Rate*

The Defendant does not argue that Attorney Baker's hourly rate of $175.00 is unreasonable. The Defendant, however, argues Attorney Cain's and Attorney Jessee's hourly rate of $275.00 is unreasonable given that they do not litigate civil rights cases. The Court has reviewed their Affidavits and finds the hourly rate of $275.00 to be reasonable. The Court routinely awards similar billing rates.[4] Moreover, as stated in Attorney Cain's Affidavit, he has tried over 15 jury

---

[2] Attorney Baker submitted that his total hours for litigation was 237.90. [Doc. 49-1 at 27]. However, as noted above, he agreed to reduce his request by 1.3 (237.90 - 1.3 = 236.6).

[3] Mr. Daugherty billed 26.4 hours for litigating attorney's fees, but the Plaintiff stated in his Memorandum that 45 hours were devoted to fee-related matters but that compensation is only being sought for 16.9 hours. [Doc. 50 at 17].

[4] See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014) (recommending that a Washington D.C. litigator's request for $600 per hour be reduced to $300 per hour); Penn. Higher Educ. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010) (awarding $260.00 in an employment case to an attorney who has practiced in Knoxville since 1949); Doherty v. City of Maryville, 2009 WL 3241715, *7 (E.D. Tenn. Sept. 30, 2009) (awarding $225 per hour rate for partners and a $175 per hour rate for associates of a law firm that successfully litigated a Constitutional claim in Knoxville); Goodman Properties Inc. v. Blosser, 2012 WL 6765626 (E.D. Tenn. Nov. 13, 2012) (finding $275.00 per hour to be a reasonable rate on a contract claim in Chattanooga); Loyless v. Oliveira, 2012 WL 775084 (E.D. Tenn. Feb.17, 2012) (finding $300 to be a relatively high hourly rate for the Chattanooga legal market but approving the fee in light of no objections); McKay v. Reliance Standard Life Ins. Co.,

trials and several bench cases. Further, the Court finds that Attorney Cain significantly contributed to the settlement of this case by participating in mediation. With respect to Attorney Jessee, the Court finds that he contributed to Plaintiff's allegations regarding physical injuries and damages. Both attorneys have years of experience. Accordingly, the Court finds that Attorney Cain's and Attorney Jessee's hourly rate of $275.00 to be reasonable.

With respect to Mr. Daugherty, the Defendant asserts that paralegals in this market bill at an hourly rate of $75.00 per hour and that $140.00 is excessive. The Plaintiff responds that Mr. Daugherty's education and lengthy experience justifies an hourly rate of $140.00. The Plaintiff emphasizes that other law firms in Knoxville bill similar rates for paralegals.

The Court agrees with the Defendant that $140.00 is excessive for a paralegal in this case. In other cases, this Court has awarded $75.00 per hour for paralegals and law students. See Ramaznai v. Capital Restoration, No. 3:13-cv-36, 2014 WL 7409498, *2 (E.D. Tenn. Dec. 31, 2014) [Doc. 49-1] and Burnett v. Burnett, No. 3:13-cv-492, 2014 WL 1340058, *4 (E.D. Tenn. Apr. 3, 2014) (stating that a law student's rate should be billed at the rate of a senior paralegal of $75.00, which is a significant hourly rate for paralegal work). Accordingly, the Court finds that $95.00 per hour is a more reasonable rate given Mr. Daugherty's experience, legal degree, and the work he performed in this case, such as drafting the pleadings.

(b)    *Hours Billed*

The Defendant argues that Plaintiff's counsels' hours are excessive, and it disputes certain entries. The Court has considered the Defendant's arguments and finds that some reductions are warranted.

---

654 F. Supp.2d 731, 746 (E.D. Tenn. 2009) (approving a $250 hourly rate in an ERISA case); Grant v. Shaw Environmental, Inc., 2013 WL 1305599 (E.D. Tenn. Jan. 30, 2013) (reducing hourly rate in FLSA case, including a request for $440 per hour for out-of-town counsel, to a weighted average of $248.42) amount of award sustained at Grant v. Shaw Environmental, Inc., 2013 WL 1305596 (E.D. Tenn. Mar. 28, 2013).

*(i)  Attorney Jessee's Hours*

The Defendant argues that with respect to Attorney Jessee's timesheet, his recorded entries are not specific to a certain date. The Plaintiff responds that block-billing is an acceptable practice.

With respect to block billing, the Sixth Circuit "has held that so long as the description of the work performed is adequate, block-billing can be sufficient." Smith v. Service Master Corp., 592 F. App'x 363, 371 (6th Cir. 2014). Here, the Court finds that several of Attorney Jessee's entries are inadequate. For instance, the timesheet describes "meetings/telephone conferences/emails with co-counsel; travel to Knoxville" but spans from November 3, 2015, to July 6, 2016. [Doc. 49-3 at 3]. In addition, the last entry simply states, "Research" and spans from September 4, 2015, to July 6, 2016. [Doc. 49-3 at 3]. The Court will not award such vague entries and will make reductions accordingly. The Court will recommend that the time spent meeting with Mr. Miller be awarded as it appears Attorney Jessee was the point of contact for Mr. Miller's services. [Doc. 49-3].

Further, the Defendant argues that Attorney Jessee billed for reviewing pleadings and meeting with co-counsel on September 4, 2015, but no other attorney billed for a conference on September 4, 2015. The Court has reviewed the billing records and finds that the Defendant is correct. Accordingly, the Court finds that Attorney Jessee's entry is unsupported, and the Court will reduce the amount accordingly.

*(ii) Media*

Attorney Baker billed 3.8 hours for discussing this case with the media. The Defendant argues that such conferences with press and television reporters are unreasonable. The Plaintiff asserts that his media contacts assisted him with discovering information relevant to the case.

The Court finds that the time billed for media discussions unreasonable. Although the Plaintiff asserts that the media assisted him with discovering information relevant to the case, the Plaintiff could have proceeded under formal discovery. See Gratz v. Bollinger, 352 F. Supp. 2d 929, 941 (E.D. Mich. 2005) ("The Court is persuaded by the reasoning of the Third and Fourth Circuits and concludes that Plaintiffs should not be compensated for the hours their attorneys expended on media and public relation efforts."); see also Tanco v. Haslam, No. 3:13-cv-01159, 2016 WL 1171058, *7 (M.D. Tenn. Mar. 25, 2016) ("The court does find that certain media and public relations expenses are not properly included in the calculation of the plaintiffs' attorney's fees. As Senior Judge Simpson found, 'while it may also be true that media inquiries were numerous from an interested public, answering these inquires cannot be considered necessary for the proper litigation of the suit.'") (Other citations omitted). Accordingly, the Court will take this reduction into account.

      *(iii) Excessive Hours*

The Defendant argues that Plaintiff's counsel over-billed in this case. The Defendant states that counsel spent time conferring on subjects that any experienced civil rights attorney would already know. In addition, the Defendant asserts that an experienced civil rights attorney could have billed much less and that much of the work billed was unnecessary. In addition, the Defendant alleges a number of erroneous entries.

With the exception of the above adjustments, the Court finds that the hours billed in this case are reasonable. As noted above, the most critical factor in determining the reasonableness of a fee award is the degree of success obtained. Here, the parties settled this case for $200,000.00, an exceptional result. Moreover, the Court has considered the Defendant's argument that several hours that were billed to the federal lawsuit should have been billed to the Plaintiff's criminal case.

The Court will not engage in instructing an attorney what specific hours should be billed in a particular case, especially since the criminal case was not before this Court. Further, the Defendant states that Attorney Cain and Attorney Jessee did not sign an employment contract with the Plaintiff in violation of Tennessee Rule of Professional Conduct 1.5(e)(2). The Court notes that the Plaintiff signed an amended contract, albeit on September 21, 2016, allowing the division of fees. Moreover, the Court has reviewed Attorney Cain's and Attorney Jessee's entries, and with the exception of a few adjustments, finds that the work billed was helpful in prosecuting and resolving this matter.

Further, the Defendant compares the instant matter to Berger v. Knox County Sheriff's Dept., No. 3:14-cv-190, 2015 WL 9450668 (E.D. Tenn. Dec. 2, 2015), wherein the Court reduced the requested attorney's fees. In Berger, however, the plaintiff accepted an Offer of Judgment in the amount of $50,001.01, which represents one-fourth of the recovery that the Plaintiff was awarded in the instant matter. Accordingly, the Court finds that, with the limited exceptions above, the hours billed in this case are reasonable.

(c)     Fees litigating Fees

The Plaintiff originally requested an award of 16.9 hours for litigating the issue of attorney's fees. On October 21, 2016, [Doc. 65], the Plaintiff amended this request to seek compensation for additional work performed following the August 11, 2016, motion. The Plaintiff seeks an additional 18.7 hours for Attorney Baker and 13.35 hours for Mr. Daugherty.

Prior to August 1, 2016, this Court limited the hours that could be awarded for litigating attorney's fees. Specifically, the Court followed the rule announced in Coulter that limited the amount of attorney's fees awarded to 3% of the hours in the main case when the issue is submitted on the papers without a trial and to 5% of the hours in the case after trial. Coulter v. Tennessee,

805 F.2d 146, 151 (6th Cir. 1986). However, the Sixth Circuit has recently abrogated the rule in Coulter. See The Northeast Ohio Coalition for the Homeless v. Husted, 831 F.3d 686, 725 (6th Cir. 2016). The Sixth Circuit held that the "district court can correct any abuses at the fees for fees stage under the 'unreasonableness' standard." Id. at 722.

With respect to litigating attorney's fees, the Plaintiff has requested 35.6 hours for Attorney Baker and 13.35 hours for Mr. Daugherty. The Court has reviewed the billing entries and finds the work billed to be reasonable. The Court notes that the parties contested attorney's fees, which necessitated additional discovery and a hearing. Accordingly, the Court recommends that no reductions for litigating attorney's fees are warranted.

    *(d)    Enhancement*

The Plaintiff argues that the lodestar amount should be enhanced given the exceptional result obtained. The Plaintiff asserts he experienced a horrible ordeal, brought attention to the plight of mentally ill individuals at Knox County Detention Center, and spurred the termination and prosecution of a rogue corrections officer. The Plaintiff requests a 1.5 multiplier to the lodestar amount.

Upon determining the lodestar amount, the district court also has the discretion to decide whether an upward or downward adjustment is warranted in order to reach a reasonable fee award. Geier v. Sunquist, 372 F.3d 784, 791 (6th Cir. 2004). The Supreme Court has noted:

> [S]uch an increase is permitted in extraordinary circumstances . . . [b]ut . . . there is a strong presumption that the lodestar amount is sufficient; factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar; and a party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified.

Perdue v. Kenny A. ex. rel. Winn, 559 U.S. 542, 546 (2010). Further, "there is a strong presumption that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Id. at 554 (internal quotation marks omitted).

The Court has considered the above analysis and finds that an enhancement is not warranted. A number of attorneys and a paralegal have already billed in this case, which was not litigated over an extended period of time. Specifically, the Complaint was filed November 23, 2015, and the parties settled at the judicially hosted mediation on March 14, 2016. Moreover, little, if any, discovery was taken in this matter and there was very little motion practice. The Court has recommended only a few reductions, and the Court finds the lodestar amount to be appropriate and reasonable. Accordingly, the Court does not recommend an enhancement in this case.

(e)    Contingency Fee

The Plaintiff urges the Court that, in the alternative, to award $100,000.00 in attorney's fees. The Plaintiff submits that he has recovered "$200,000.00, exclusive of attorney's fees. That net result is the economic equivalent of a gross recovery of $300,000, with a resulting payment of $200,000 to Plaintiff and a payment of one-third, or $100,000, to Plaintiff's counsel." [Doc. 61 at 27].

With respect to the impact of contingency fees agreements and the application of the lodestar method, the Supreme Court has stated:

> The defendant is not, however, required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way.... And we have said repeatedly that "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." The courts may

then adjust this lodestar calculation by other factors. We have never suggested that a different approach is to be followed in cases where the prevailing party and his (or her) attorney have executed a contingent-fee agreement.

Blanchard v. Bergeron, 489 U.S. 87, 93–94 (1989) (citations omitted). Further, "The existence of a contingent-fee agreement . . . is only one of the factors this Court may consider if adjustment of the lodestar calculation is deemed proper." Chapman v. Jet Mall, No. 1:14-cv-267, 2015 WL 2062099, *3 (E.D. Tenn. Apr. 30, 2015). The Court has considered the Plaintiff's alternative request but finds that the lodestar amount is reasonable in this case.[5]

## IV.    CONCLUSION

For the reasons explained above, the Court **RECOMMENDS**[6] that the Motion for Attorney's Fees and Reimbursement of Reasonable Expenses [**Doc. 49**] be **GRANTED IN PART AND DENIED IN PART**. The Court recommends the following:

| Attorney/Paralegal | Hours | Fees on Fees Hours | Fees on Fees Hours (subsequent request) | Rate | Total |
|---|---|---|---|---|---|
| Lance Baker | 232.8[7] | 16.9 | 18.7 | $175 | $46,970.00 |
| Don Daugherty | 169.9 | 0 | 13.35 | $95 | $17,408.75 |
| Christopher Cain | 13.9 | 0 | 0 | $275 | $3,822.50 |
| Thomas Jessee | 4[8] | 0 | 0 | $275 | $1,100.00 |

---

[5] Moreover, while the Court appreciates the Plaintiff's calculation, the Plaintiff recovered $200,000.00 in this case and 1/3 of $200,000.00 is approximately $67,000.00.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

[7] The Court's calculation is as follows:  237.9 – 1.3 – 3.8 = 232.8

[8] The Court's calculation is as follows:  15.5 - 2.0 - 6.0 - 3.5= 4

Accordingly, the Court recommends that the Plaintiff be awarded a total of $69,301.25 in attorney's fees and that post judgment interest also be awarded.

Respectfully submitted,

_Bruce Guyton_
United States Magistrate Judge